**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Christopher Weller | : | CIVIL ACTION |
| | : | |
| v. | : | 05-2758 |
| | : | |
| Cheryl Ransom-Garner, Commissioner, Philadelphia Dept. Human Services | : : : | |
| | : | |
| and | : | |
| | : | |
| Valerie Jones | : | |
| | : | |
| and | : | |
| | : | |
| Defender Association of Philadelphia | : : | |
| | : | |
| and | : | |
| | : | |
| City of Philadelphia | : | |

**ORDER**

AND NOW, this 28th day of March, 2007, upon consideration of Defendant Valerie Jones, Esquire's Motion for Summary Judgment, Defendant Defender Association of Philadelphia Motion for Partial Summary Judgment (Doc No. 33), and Plaintiff's Response (Doc. No. 35), the Court DENIES both motions.[1]

---

[1] Defendant Valerie Jones ("Jones") argues that as Christopher Weller's Child Advocate ("CA") she is absolutely immune from any liability. This is so because her responsibilities as a CA in this case were indistinguishable from those of a *guardian ad litem* ("GAL"). And the Third Circuit has held that a GAL is absolutely immune from liability when "exercising functions such as testifying in Court, prosecuting custody or neglect Petitions, and making reports and recommendations to the Court in which the [GAL] acts as an actual functionary or arm of the Court, not only in status or denomination, but in reality." Gardner v. Parson, 874 F.2d 131, 146 (3d Cir. 1989). But the Third Circuit has never held that a GAL is absolutely immune from liability in all cases. Rather, a

BY THE COURT:

      s/J. Curtis Joyner
    J. CURTIS JOYNER,     J.

---

GAL enjoys absolute immunity when acting as an "integral part of the judicial process." Hughes v. Long, 242 F.3d 121, 125 (3d Cir. 2001) (immunity provided only for actions involving the initiation and prosecution of child custody or dependency proceedings). On the record before the Court, it is unclear as to exactly what Jones did in her role as Christopher's CA (i.e. which functions she performed). Jones has proffered no evidence (assertions made in a brief do not qualify as evidence) that she was functioning as an "integral part of the judicial process" that would entitle her to absolute immunity under Gardner. Cf Harris v. Lehigh County Office of Children & Youth Services, 418 F. Supp. 2d 643, 648-50 (E.D. Pa. 2005); see also Fed. R. Civ. 56(e). Accordingly, the Court DENIES Jones' Motion for Summary Judgment. The Court also DENIES the Defender Association of Philadelphia's Motion for Partial Summary Judgment because it is predicated on the claims against Jones being dismissed.