Gregory G. Stagliano, Esquire
Atty # 33185
**GREGORY G. STAGLIANO, P.C.**
344 West Front Street
Media, PA 19063
(610) 566-9200

Attorney for Plaintiff
Christopher J. Weller

---

| | | |
|---|---|---|
| CHRISTOPHER J. WELLER | : | IN THE UNITED STATES |
|     Plaintiff | : | DISTRICT COURT FOR |
| v. | : | THE EASTERN DISTRICT OF |
| | : | PENNSYLVANIA |
| CHERYL RANSOM-GARNER | : | |
| COMMISSIONER, PHILADELPHIA | : | NO. 05-2758 |
| DEPT. HUMAN SERVICES | : | |
|   and | : | CIVIL ACTION |
| VALERIE JONES | : | |
|   and | : | PROFESSIONAL LIABILITY ACTION |
| DEFENDER ASSOCIATION | : | |
| OF PHILADELPHIA | : | |
|   and | : | |
| CITY OF PHILADELPHIA | : | |
|     Defendants | : | |

**FILED**

MAR 6 - 2008

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**PLAINTIFF'S SUR REBUTTAL MEMORANDUM
OF LAW IN OPPOSITION TO DEFENDANTS
<u>VALERIE JONES AND DEFENDER ASSOCIATION'S MOTION</u>**

First and foremost, Defendants' Supplemental Memorandum which solely attacks the Plaintiff's case on a proximate cause theory never responds, at all, to the case law raised by Plaintiff in its original response. That case law says specifically that proximate cause is not properly the subject of a Summary Judgment Motion. Since Defendants do not challenge it; they must concede it. Therefore, Defendants' Motion must be denied and this Court respectfully can and should ignore all of Defendants' Supplemental Memorandums and, frankly, the balance of this memorandum.

Assuming arguendo that Defendants' arguments need a response, the response is simple. Issues such as this are decided at trial not in Motions for very fundamental reasons. The defense has attempted to latch onto an unfortunate characterization by Plaintiff's counsel which, of course, is not evidence. Plaintiff's counsel, unfortunately, said that the legal analysis of the proximate cause issue in this case is "analogous" to an increased risk of harm analysis in medical malpractice cases. Plaintiff's counsel understands that Plaintiff's burden is to establish that "but for" the actions and inactions of the Defendants the outcome would have been different. That is exactly the burden Plaintiff intends to sustain at time of trial.

Whether there is a specific reference to this issue, in this exact language, in Plaintiff's expert report is irrelevant. There is no reported case that mandates the use of certain language in an expert report. To the contrary, courts expansively read the content of an expert's report. Further, it is not standard practice for an expert to even include proximate cause language in their report. Causation is routinely implied for purposes of the report and such testimony saved for time of trial.

However, a fair reading of various portions of Ms. Knight's report show that she has adequately addressed Defendants' concerns. For example, she criticizes the Defendants for actively preventing professionals from giving "critical evidence to the Court". Obviously, by direct implication Ms. Knight is saying that such evidence would have been of critical importance to Judge Sylvester. What else could she be saying? Isn't critical evidence such that would have affected the outcome of the case?

Further, at page 5 of her report she criticizes the fact that the Department of Human Services and the advocate apparently concurred with the May 30, 1991 removal of Christopher

from the Wellers. As to causation, she essentially states the "but for" standard when she states, "I am at a loss as to how this (the action of the Court) could have occurred without the concurrence by the Department of Human Services and the child advocate".

In that statement there is no implication, no innuendo. Ms. Knight is directly saying that but for the actions of the Defendants the judge would not have done what she did. This is the proximate cause standard. The standard has been met. Respectfully, Defendants' Motion must be denied.

        Respectfully submitted,

        LAW OFFICES OF GREGORY G. STAGLIANO, P.C.

        GREGORY G. STAGLIANO, ESQUIRE
        Attorney for Plaintiff, Christopher J. Weller

| | |
|---|---|
| CHRISTOPHER J. WELLER<br>    Plaintiff<br><br>v.<br><br>CHERYL RANSOM-GARNER<br>COMMISSIONER, PHILADELPHIA<br>DEPT. HUMAN SERVICES<br>    and<br>VALERIE JONES<br>    and<br>DEFENDER ASSOCIATION<br>OF PHILADELPHIA<br>    and<br>CITY OF PHILADELPHIA<br>    Defendants | : IN THE UNITED STATES<br>: DISTRICT COURT FOR<br>: THE EASTERN DISTRICT OF<br>: PENNSYLVANIA<br>:<br>: NO. 05-2758<br>:<br>: CIVIL ACTION<br>:<br>: PROFESSIONAL LIABILITY ACTION<br>:<br>:<br>:<br>:<br>:<br>: |

## VERIFICATION

Gregory G. Stagliano, Esquire, verifies that he is the attorney for Plaintiff, Christopher J. Weller, in this action, and that the facts set forth in the foregoing Plaintiff's Sur Rebuttal Memorandum of Law in Opposition to Defendants, Valerie Jones and Defender Association's Motion, are true and correct to the best of his information, knowledge and belief. It is understood that these statements are made subject to the penalties relating to unsworn falsification to authorities.

_____
GREGORY G. STAGLIANO, ESQUIRE
Attorney for Plaintiff
Christopher J. Weller

## CERTIFICATE OF SERVICE

I, Gregory G. Stagliano, Esquire, Attorney for Plaintiff, Christopher J. Weller, hereby state that a true and correct copy of the foregoing Plaintiff's Sur Rebuttal Memorandum of Law in Opposition to Defendants Valerie Jones and Defender Association's Motion was sent by first-class mail, postage prepaid on the date set forth below, and was served upon the following:

Honorable J. Curtis Joyner
U.S. Courthouse
601 Market Street, Room 8613
Philadelphia, PA 19106-1717

J. Michael Doyle, Esquire
Post & Schell
Four Penn Center, 14th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103-2808

Jeffrey S. Simons, Esquire
Law Department
City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

FILED
MAR 6 - 2008
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

LAW OFFICES OF GREGORY G. STAGLIANO, P.C.

_____
GREGORY G. STAGLIANO, ESQUIRE
Attorney for Plaintiff, Christopher J. Weller

DATED:   3/5/08